**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TROYLYNN TONEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-415** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION "C" (2)** |

**ORDER AND REASONS**

Before the Court is State Farm's Motion to Dismiss. Rec. Doc. 14. Plaintiff opposed the Motion. Rec. Doc. 20. The matter came for hearing without oral argument on June 11, 2008, and was submitted on the briefs. The Court having reviewed the record and applicable law, is fully advised in the premises and ready to rule.

**I. BACKGROUND**

Plaintiff originally filed this action in the Civil District Court, Parish of Orleans, seeking damages and penalties from State Farm Fire and Casualty Company for allegedly failing to properly adjust and pay Plaintiff's claim. Plaintiff was one of six original Plaintiffs who sued State Farm for damages under their respective policies.

State Farm removed the matter to this Court. Judge Feldman severed the claims into six actions and ordered each individual plaintiff to file an amended complaint for each of their respective claims. Plaintiff complied. In Plaintiff's Amended Complaint, he asserts that he "does not believe that his damages will exceed $70,000.00 exclusive of interest and court costs." Rec. Doc. 1.

In April 2008, the Court ordered the parties to submit memoranda concerning jurisdiction. State Farm responded by filing a Motion to Dismiss providing that Plaintiff's counsel recently executed an "irrevocable stipulation" attesting that the "total sum or value in controversy...including penalties and attorney's fees, does not exceed $70,000, exclusive of interest and costs." *See* Exhibit

"A" attached to Rec. Doc. 14.  Based upon this stipulation, State Farm argues that the Court no longer has subject matter jurisdiction under 28 U.S.C. § 1332 because the required amount in controversy is lacking.  State Farm requests the Court dismiss the action and require Plaintiff to re-file the suit and the stipulation in state court in the next thirty days.

In his opposition, Plaintiff acknowledges that the claim does not meet the jurisdictional limit and has no challenge to the matter being remanded.  However, Plaintiff does have an objection to the Court dismissing the case and ordering him to re-file the action in state court because such action "crates additional financial hardship, more delays and is onerous...".  Rec. Doc. 20 at p. 1.  Plaintiff suggests the Court remand the matter to state court rather than dismiss.  Rec. Doc. 20 at p. 1.

## II.     LAW AND ANALYSIS

28 U.S. C. § 1447 ( c) provides, in pertinent part: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction the case shall be remanded." Accordingly, the Court has the power *sua sponte* to review whether federal jurisdiction exists.  It is with this review of jurisdiction in mind, that the Court requested the parties to file briefs addressing whether this matter should remain in federal court.  After review, the Court finds that the matter shall be remanded.

Parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848 (5th Cir.1999). Bare assertions by the removing party are insufficient to vest a federal court with jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombisv. Dow Quimica De Colombia*, S.A., 988 F.2d 559 (5th Cir.1993), cert. denied, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994). The removing defendant bears the burden of demonstrating that federal jurisdiction exists and, therefore, that

removal is proper. *Howery v. Allstate Ins. Co.,* 243 F. 3d 912, 916 (5th Cir. 2001). The removal statute is strictly construed in favor of remand and any ambiguities should be construed against removal. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 U.S. 720, 723 (5th Cir. 2002).

Typically, when a plaintiff alleges a damage figure in excess of the required amount in controversy, that amount controls if made in good faith. *Valobra v. State Farm Fire & Casualty Co.*, No. CIV.A.06-3278, 2006 WL 2710461, at *1 (E.D. La. 2006) *citing St. Paul Mercury Idem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938). Similarly, if a plaintiff pleads damages less than the jurisdictional amount, this figure will also control, generally barring removal . *Id.; See also Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Louisiana law does not permit a plaintiff to plead a specific amount of money damages. *See Atkins v. Lexington Insurance Co.*, No. CIV.A.06-1254, 2006 WL 1968895, at *2 (E.D. La. 2006). Therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id. citing Simon*, 193 F.3d at 850. A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Id. citing Allen*, 63 F.3d at 1335. In considering whether the defendant has met the preponderance standard, "it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." *Franklin v. State Farm Ins. Co.*, 2006 WL 2925513, at *2 (E.D.La. Oct. 10, 2006)(Barbier, J.)(*citing Atkins v. Lexington Ins. Co.*, 2006 WL 1968895 (E.D.La. July 12, 2006)(Vance, J.)). In those instances where the requisite jurisdictional amount is ambiguous or uncertain at the time of removal, post-removal affidavits sometimes can be relevant. *Asociacion Nacional De Pescadores,* 988 F.2d at 565.

Removal jurisdiction is strictly construed. *See e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil, § 3721.* When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, § 3739.

In determining whether removal jurisdiction exists, the district court must consider the claims made in the state court petition as they existed at the time of removal. *Manguno,* 276 F. 3d at 723. Although Plaintiff did not claim a specific amount of monetary damages in his Original Petition for Damages, he did attest that he did not believe that his damages exceeded $70,000. *See* Exhibit "2" attached to Rec. Doc. 1 in Civil Action 07-8903. State Farm removed the matter, regardless of this affirmation, arguing that the policy limits ($93, 363.00 for dwelling and $71, 522.00 for contents) coupled with the claim for penalties and attorney's fees, establish that it is facially apparent that the amount in controversy exceeded the jurisdictional limit. However, the value of the claim, not the value of the underlying policy determines the amount in controversy. *Franklin*, 2006 WL 2925513 * 2. Moreover, while State Farm stated in its notice of removal that the claims exceeded the jurisdictional amount due to the "policy limits" at stake, it did not present any evidence in support showing how much of the limit was or was not paid or was actually in dispute and now concedes, via its motion to dismiss, that the jurisdictional amount is not met. It is State Farm's burden to prove that, at the time of removal, this Court had jurisdiction over the case. State Farm failed to meet that burden and in accordance with 28 U.S.C. § 1447 ( c), the Court remands the matter to state court.

Accordingly,

**IT IS ORDERED** that this matter is **REMANDED** to the Civil District Court, Parish of Orleans.

New Orleans, Louisiana, this 25th day of June, 2008.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**